———————o———————

## 5365.

(Court of Appeal, Parish of Orleans).

## OCTAVE MONTAGNET vs. MRS. M. BEGAULT ET AL

### On Motion to Dismiss.

Appeal from the Civil District Court, Division "E."

P. L. Fourchy, for plaintiff and appellee.

Chas. Louque and J. C. Henriques, for defendant and appellant.

ST. PAUL, J.—Appellee moves to dismiss these appeals on the ground that the bonds furnished are defective in form in many and minute particulars; but an inspection shows that they are drawn up on the regular printed forms to be found in the clerk's office of the Civil District Court which have stood the test of well nigh a century. There is no merit in any of the contentions.

Two only need be noticed specially, to-wit: that the bonds do not sufficiently identify the judgment appealed

from; that they do not mention the character of the appeals taken.

Examining the transcript we find that there was but one judgment rendered in the case; hence the only judgment from which an appeal could be taken. **Id certum est quod certum fieri potest.**

As to the character of appeal taken that is determined by the law itself, depending upon the time at which the appeal is taken and the amount of the bond furnished.

Code of Practice, 5⁄0.

There is no merit in the motion to dismiss.

Motion denied.

May 29, 1911.

### On the Merits.

Where a signature is denied under oath, and the only offer of proof thereof is by comparison of handwriting, the comparison should be made with some standard, the regularity of which, as a whole, is beyond dispute.

ST. PAUL, J.—This is a suit on a promissory note signed by Mrs. Marie Begault, and purporting to be signed also by her daughter Miss Eugenia Begault.

The defense set up by the mother want of consideration and payment (based on alleged usurious transactions), is not borne out, but on the contrary is negatived by the testimony.

The daughter denies that she signed the note, or authorized any one to subscribe her name thereto; and when under oath she persisted in her denial. The mother swears that she herself affixed her daughters name to the instrument, and without the knowledge or consent of the latter. But the district judge placed no reliance on the testimony of either defendant.

Plaintiff, however, did not see the note signed and does not know the daughter's signature, and no other witness was called to prove the same. No experts were examined as to the daughter's signature, and no genuine signature of hers was produced for the purpose of comparison.

But she was requested to sign and did sign her name a number of times in open court. Of the signature thus obtained the trial judge says:

"The signatures then apparently willingly given were palpably not her usual signature. I cannot say that there was any hesitation in her writing, but it seemed to me that she had come prepared for the emergency and was altering her usual handwriting."

And proceeding then to a comparison of signatures, he said:

"While it is apparent that the same hand that signed and endorsed 'Mrs. M. Begault' on the note did not sign and endorse 'Miss E. Begault' thereon, there are certain characteristics in the latter signature and endorsement which prove to my satisfaction that they were written by the same person who signed in the presence of the court.."

In support of his conclusions the trial judge assigned reasons which may be correct; but at the same time we do not look upon as entirely reliable and conclusive, a comparison of handwriting, made by court or jury unaided, and without having before it some signature, the regularity of which, as a whole, is beyond all dispute.

For it seems to us unsafe to adopt a signature as genuine and sufficient, in part, for the purposes of comparison; and at the same time reject the same, in part, as having been purposely intended to mislead. We think that for purposes of comparison, some signature should have been used to which no suspicion could attach.

As the case now stands there is perhaps room for a

difference of opinion as to the style and appearance of Miss Eugenie Begault's genuine signature, and whose hand affixed her name to the note herein sued on. But in a case like this, where comparison alone is relied upon, there should be no room for such a difference, otherwise the signature can not be considered as proved.

On the other hand it should not be difficult to procure the necessary standard for the purpose of comparison. For the record shows that Miss Begault owns the house in which she lives and doubtless has signed the deed of purchase. Moreover she has no doubt had other business transactions, for the evidence shows that she is a "business woman." So that there must be persons in the community who know her signature and can produce originals thereof.

We, therefore, think that as to her the judgment should be one of non-suit.

By a clerical error the judgment against Mrs. Marie Begault is for ten dollars less than the note calls for, and plaintiff has asked for an amendment which will be allowed.

It is, therefore, ordered, that as to the defendant, Mrs. Marie Begault, the judgment herein appealed from be increased to $398, and as thus amended, that the same be affirmed at her cost; and as to the defendant, Miss Eugenie Begault, that said judgment be reversed, and that there be judgment in her favor dismissing plaintiffs' demand as in case of non-suit and at his cost.

June 19, 1911.

Rehearing refused, July 28, 1911.